## Higinbotham *v.* Pauch, Appellant.

*Ejectment—Deed—Fraud—Principal and agent—One of two inno-*
*cent parties—Misstatement of rule—Charge.*

1. In an ejectment suit in which the plaintiff claims under a deed
alleged to have been signed by the defendant, which the latter
denies, the court is not warranted in applying in its charge the rule
that when one of two equally innocent parties must suffer by reason of
the fraud of another, the loss should fall upon the one whose negligent
act or omission has enabled the wrongdoer to commit the fraud, where
the evidence shows that if fraud was committed, the only parties to
it were the defendant's brother, with whom she had left her deed for
the sole purpose of enabling him to collect the rents for her, and a
woman who represented herself as the defendant, there being no evi-
dence of any agency and no act or omission on the defendant's part
enabling the brother to deceive the plaintiff.

2. For the court in such a case to say that if one of two innocent
parties must suffer loss, the loss must be borne by the one least to
blame and it was for the jury to determine which of the parties to the
action was least to blame and to find the verdict accordingly, is to
state the above rule inaccurately.

*Principal and agent—Deed—Collection of rents—Implied agency.*

3. No agency can be implied in a brother to make sale of his sister's
real estate from the fact that the brother had in his possession the deed
and had collected the rents from the real estate.

Argued May 8, 1911. Appeal, No. 198, Jan. T., 1910,
by defendant, from judgment of C. P. Fayette Co., Sept.
Term, 1909, No. 405, on verdict for plaintiff in case of J. C.
Higinbotham v. Anna Pauch. Before Fell, C. J., Brown,
Mestrezat, Potter and Moschzisker, JJ. Reversed.

Ejectment for land in South Brownsville borough.
Before Umbel, P. J.

The facts are stated in the opinion of the Supreme Court.

The court charged the jury in part as follows:

[In this case, as in other cases occasionally, it is pos-
sible that somebody may have to suffer and lose some

money, it sometimes happens that two persons who are innocent have to suffer or one or the other of those two. The rule of law is that, if two innocent persons must suffer the one who is least to blame is the one that must suffer least. In this case, if you should find that there has been imposition and fraud practiced by some one and that neither the plaintiff, Mr. Higinbotham, nor the defendant, Mrs. Pauch, was to blame, the burden is on you to determine which of them is the least to blame and you should find your verdict accordingly; that is, if they are both innocent and one or the other of them has to suffer. If this comes to be a consideration with you, it is your duty to take into account their respective positions, places of residence and opportunities for acquainting themselves with the facts and what was being actually done and by whom. If the contention of Mrs. Pauch is correct, that she was in or near Chicago and knew absolutely nothing of what was going on in South Brownsville, she could not be held responsible for anything that might have happened in South Brownsville, and having no opportunity to protect her interests no blame could be imputed to her. If, however, you should find that Mr. Frank Pauch was acting as the agent of Mrs. Anna Pauch and was looking after and attending to her affairs and betrayed the trust that she had reposed in him to the extent of presuming to act for her and impósed on Mr. Higinbotham, then there would be no blame attached to Mr. Higinbotham, if he used such care and caution as a reasonably prudent man would have used under the circumstances; if that comes to be a consideration with you, it will be your duty to determine which is the least to blame and the one who is the least to blame would be the one who should suffer least.] [1]

[In this case, as in a great many other cases, there are conflicts in the testimony, and where there are conflicts in the testimony it is the duty of the jury to reconcile them if they will admit of reconciliation; if they cannot be reconciled, and there are some conflicts in this testimony that cannot be reconciled, then the burden is cast

upon the jury of determining who is testifying correctly or incorrectly—of who is mistaken and who is not mistaken. In this case either Mr. Brashear or Mr. Smith is mistaken; they cannot both be correct in their testimony as to the identification of this defendant, and where this condition prevails it is the duty of the jury to determine which of them is correct and which of them is mistaken; or which of them is testifying correctly and which is testifying incorrectly or falsely; or if you should be satisfied that one or the other of them is testifying falsely it is your duty to determine which you think it is, and it is not only your right and your privilege but your duty to take into account the manner of the witnesses on the stand, any prejudice, malice, bias or ill will that they or any of them may manifest in the giving of their testimony, any interest that they or any of them may have in the result of your verdict; also any corroboration that there may be of either of the witnesses whose testimony is being considered by other evidence with the truth of which you are satisfied. In short, it is the duty of the jury to take into consideration any and everything that will aid or assist you in determining which is testifying correctly and which incorrectly. . . .

Where there is such a conflict in the testimony as there is in this case another consideration is the preponderance of credible testimony. Credible testimony, or the preponderance of credible testimony is not always established by numbers. There might be a dozen people who testified to a condition on one side and if the jury were satisfied that none of them was worthy of belief or that they were not credible witnesses their testimony might be overcome by one man whom you might be absolutely satisfied was credible on the other side. This being a civil action, where there are questions of fact to be determined, and as we have indicated there is one important and prime question of fact for determination in this case, that is, whether or not Mrs. Anna Pauch signed this deed on December 18, 1905—if you find the preponder-

ance of credible testimony to the effect that she did not sign it you will return a verdict generally for the defendant, and if on the other hand you find the preponderance of credible testimony is on the side of the plaintiff and you find that the defendant did sign and acknowledge this deed on December 18, 1905, you should return a verdict for the plaintiff for the premises described in the writ, together with six and a fourth cents damages.] [2]

*Errors assigned* were (1, 2) portion of charge as above, quoting them.

*W. J. Sturgis,* with him *E. H. Reppert* and *S. J. Morrow,* for appellant. The court's statement of the rule of law is not correct and there was nothing in the pleadings or evidence to warrant an application of the rule to the facts: Jeffers v. Gill, 91 Pa. 290; Dowd v. Crow, 205 Pa., 214; Vanderslice v. Insurance Co., 13 Pa. Superior Ct. 455; Penna. Co. for Ins. on Lives & Granting Annuities v. Franklin Fire Ins. Co., 181 Pa. 40; Dollar Sav. Fund & Trust Co. v. Glass Co., 213 Pa. 307; Henry Christian Building & Loan Association v. Walton, 181 Pa. 201; Edwards v. Meyers, 227 Pa. 584.

*D. W. McDonald,* with him *Frank P. Cottom, Harry A. Cottom* and *James R. Cray,* for appellees.

Opinion by Mr. Chief Justice Fell, July 6, 1911:
This was an action of ejectment in which the plaintiff claimed title by virtue of a deed alleged to have been signed by the defendant. The defendant denied that she had signed the deed and the clearly defined issue was whether it was a forgery. She was a single woman whose residence was in Chicago. She purchased the property in question in 1903, and her deed for the same was duly recorded and left with her brother in Pennsylvania and he acted as her agent in collecting the rents and in looking after the property. In 1907 the plaintiff negotiated with

the defendant's brother for the purchase of the property and at the settlement a deed was signed and acknowledged by a woman who was represented to be the defendant. At the same time the woman executed a writing directing the payment of the purchase money to the defendant's brother. At the signing and acknowledgment of the deed four persons were present, the defendant's brother, who died before the trial, the woman who executed the deed and the two subscribing witnesses, one of whom was the notary who took the acknowledgment. One of the subscribing witnesses testified at the trial that the defendant was the woman who signed, the other testified with equal positiveness that she was not. Corroborating circumstances were shown on both sides and it was evident that if a fraud had been committed, at the execution of the deed, the only parties to it were the defendant's brother and the woman who signed the deed.

It was said in the charge, that if one of two innocent parties must suffer loss, the loss must be borne by the one least to blame and that it was for the jury to determine which of the parties to the action was least to blame and to find a verdict accordingly. This was an inaccurate statement of the rule that where one of two equally innocent parties must suffer loss by reason of the fraud of another, the loss should fall upon him whose negligent act or omission has enabled the wrongdoer to commit the fraud and it was a misapplication of the rule to the facts of the case. This was not a case of agency. There was not a pretense even that the defendant had authorized her brother to sell the property and none could be implied from the fact that he held the deed and collected the rents. No act or omission on her part enabled him to deceive the plaintiff.

The first assignment of error is sustained and the judgment is reversed with a new venire.